# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GALE FOUISSI, | ) 1:07cv0445 DLB |
| | ) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S MOTION |
| | ) FOR ATTORNEY'S FEES |
| v. | ) |
| | ) (Document 23) |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on a petition for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on April 3, 2008, by Plaintiff's attorney, Jeffrey Duarte.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## BACKGROUND

Plaintiff commenced the instant action on March 20, 2007. On March 4, 2008, the Court granted the parties' stipulation to remand the action pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] The parties consented to the Jurisdiction of the United States Magistrate Judge. On June 27, 2007, the Honorable Anthony W. Ishii reassigned the case to the undersigned for all purposes.

1

Mr. Duarte, filed this motion on April 3, 2008, requesting $5,790.59 in attorney's fees pursuant to the EAJA. Defendant opposed the motion on April 14, 2008, arguing that the request was unreasonable.

**DISCUSSION**

A.   Reasonableness of Request

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

In his application, Mr. Duarte requests attorney's fees in the amount of $5,790.59 (for 34.1 hours[2]). In support of his request, he attaches an itemization of time spent from January 25, 2007, through April 3, 2008.

Defendant does not dispute that Mr. Duarte is entitled to fees as the prevailing party. However, Defendant points to specific entries and contends that they are improper requests and/or excessive. Defendant also generally argues that the total request is unreasonable given that the Commissioner agreed to voluntarily remand at the settlement letter stage, negating the need for any briefing.

   1.   *Clerical Work*

Defendant opposes certain fees requested because the entries reflect "clerical or secretarial work." Specifically, Defendant opposes the following:

---

[2] For civil actions commenced on or after March 29, 1996, the EAJA provides for an hourly rate of $125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Mr. Duarte calculates the cost of living increases as providing for an hourly rate of $168.33 in 2007 and an hourly rate of $171.59 for time worked in 2008. Defendant does not contest these hourly rates.

| March 20, 2007 | File Motion to Proceed In Forma Pauperis | .4 |
|---|---|---|
| June 4, 2007 | Confirm complaint has been served on Commissioner and U.S. Attorney General by U.S. Marshall | .2 |
| June 16, 2007 | Review Summons Returned Executed, dated 6/15/07 | .1 |
| November 30, 2007 | Send Confidential Letter to U.S. Attorney | .3 |
| February 29, 2008 | Fax to U.S. Attorney with signed Stipulation and Order for Remand | .2 |

Defendant correctly argues that Mr. Duarte should not be compensated for non-attorney level work. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999); Sorenson v. Concannon, 161 F.Supp.2d 1164, 1168 (D.Or. 2001) (purely clerical tasks, such as faxing, mailing, etc., are not compensable under the EAJA); Wilkett v. Interstate Commerce Comm'n, 844 F.2d 867, 875-876, n. 6 (D.C. Cir. 1988). The Court agrees with Defendant that time spent filing (.4 hours), sending (.3 hours) and faxing (.2 hours) various documents is clerical work and should not be compensated.[3] However, reviewing court documents and service documents, while mundane, are tasks that are routinely performed by an attorney. See eg. Williams v. Apfel, 2000 WL 684259, *2 (S.D. Ind. 2000) (preparing the complaint and return of service documents and reviewing the answer, the Commissioner's brief, motions, and court orders are not tasks typically performed by clerical staff, as the attorney is responsible for seeing that the tasks are performed correctly). Accordingly, of the time identified by Defendant, the Court will allow the time spent confirming service and reviewing service documents (.3 hours).

2.   *Extension of Time*

Defendant next objects to a total of .9 hours spent in connection with a stipulation to extend time. Mr. Duarte requests payment for the following:

---

[3] The Court notes that for each of these clerical tasks, there is an entry relating to the actual drafting of the document.

3

| October 26, 2007 | Draft and prepare Stipulation & Order to Extend Time | .4 |
|---|---|---|
| October 26, 2007 | Fax to U.S. Attorney re Stipulation & Order to Extend Time | .2 |
| October 26, 2007 | Electronically file Stipulation & Order to Extend Time | .2 |
| October 31, 2007 | Review USDC Order approving Stipulation & Order to Extend Time, dated 10/31/07 | .1 |

Defendant objects to this time because Plaintiff "does not explain why it is reasonable to bill the Commissioner for seeking an extension of time to allow her attorney to complete her confidential letter." Opposition, at 3. While the Court agrees that .9 hours is excessive, it does not agree that the request should be entirely disallowed. See eg. Samuel v. Barnhart, 316 F.Supp.2d 768 (E.D.Wis. 2004) (claimant was entitled to collect fees for time attorney spent drafting request for extension of time, where time spent was less than half of an hour and extensions of time were regularly requested and granted in Social Security cases). Requests for extensions of time are common in Social Security and Counsel's request was ultimately for the benefit of Plaintiff and part of her representation. Taking into consideration the fact that some of the time requested is for clerical work and the nature of the work performed, the Court finds that .2 hours is reasonable, and will be allowed.

3.  *Order to Show Cause*

In a similar argument, Defendant contends that Mr. Duarte's request of 1.3 hours relating to discharging an Order to Show Cause issued against Plaintiff is inappropriate. The February 21, 2008, Order to Show Cause was issued after Plaintiff failed to file her opening brief. In his response, Mr. Duarte explained that Defendant agreed to remand by letter dated January 17, 2008, and he believed that his agreement to remand had been conveyed to Defendant by telephone. He stated that once the Order to Show Cause issued, he realized "that apparently was not completed," and requested that the Court find good cause given that an agreement to remand

had been reached.  On March 3, 2008, the Court discharged the Order to Show Cause based on the agreement to remand.

Defendant adds in his opposition that he attempted to settle the case twice prior to the issuance of the Order to Show Cause and that Plaintiff did not respond until after the order issued.  Defendant believes that it is unreasonable to bill him when he diligently attempted to settle the action within the time allotted.

The standard for awarding fees, however, does not necessarily involve a due diligence/excusable neglect analysis.  Rather, the statute provides for attorneys' fees "incurred by that party in any civil action."  The award may be limited or denied where the Court finds that special circumstances make an award unjust, or where the prevailing party engaged in conduct that unduly and unnecessarily delayed a resolution.  28 U.S.C. §§ 2412(d)(1)(A), (C).  That Plaintiff's counsel had to defend against an Order to Show Cause based on a miscommunication does not rise to the level of special circumstances or undue delay.  The Court will therefore allow the 1.3 hours requested for this task.

    4.    *Preparation of EAJA Motion*

Finally, Defendant opposes 11 hours Mr. Duarte requests in connection with preparation of the instant motion.  His request is broken down into 6.0 hours for "Legal Research re EAJA motion" and 5 hours for "preparation and drafting" of the motion.

Attorney's fees for attorney fee litigation are compensable.  Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991).  However, the request must be reasonable.  Defendant argues that it is "hard to imagine how much independent research and drafting" when into the preparation of the motion given that the payee argument (which is actually irrelevant to the outcome of this motion) was copied-and-pasted from a brief on the National Organization of Social Security Claimant's Representatives' website.[4]  Opposition, at 4.  As to the remainder of the motion, Defendant contends that given Mr. Duarte's assertion that he is experienced in Social Security

---

[4] Mr. Duarte has been a member of the organization for four years.

litigation and has won 17 cases in federal district court, it is unlikely that it was drafted anew. Defendant suggests that the Court award 2 hours for preparation of the motion.

The Court agrees with Defendant that 11 hours is an unreasonable request.  The motion, as well as the supporting documentation, contains mainly boilerplate-type language, with some customization relating to Plaintiff's action.  Accordingly, the Court will allow 2.0 hours for preparation of this motion.

## AWARD

Mr. Duarte's motion is therefore GRANTED.  He is awarded fees in the total amount of $3,976.30 ([17.2 hours spent in 2007 at $168.33 per hour] + [6.3 hours spent in 2008 at $171.59 per hour]).

IT IS SO ORDERED.

Dated:   **May 6, 2008**         /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE